**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 24-2436

CHECKERS INDUSTRIAL SAFETY PRODUCTS, LLC, a Colorado limited liability company,

      Plaintiff,

v.

DRIVER INDUSTRIAL OPCO LLC D/B/A DRIVER INDUSTRIAL SAFETY, a Delaware limited liability company,

      Defendant.

---

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND UNFAIR OR DECEPTIVE TRADE PRACTICES AND JURY DEMAND**

---

Plaintiff Checkers Industrial Safety Products, LLC ("Checkers"), by and through its counsel, for its claims for relief against Defendant Driver Industrial Opco LLC d/b/a Driver Industrial Safety ("Defendant" or "Driver"), alleges as follows:

**PARTIES**

1.    Plaintiff Checkers is a Colorado limited liability company with its principal place of business at 620 Compton Street, Broomfield, Colorado 80020.  Checkers is a global leader in the development of cable protectors and is the leading cable protector manufacturer in the world.

2.    Upon information and belief, Defendant Driver is a Delaware limited liability company located at 1209 N. Orange St., Wilmington, Delaware and with its principal place of

1

business at 2115 W Mountain View Rd, Phoenix, AZ 85021.  Driver is also in the business of selling cable protectors, among other products.

## JURISDICTION AND VENUE

3.     This is a civil action for trade dress and trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq*., unjust enrichment, unfair competition under Colorado law, and deceptive business practices under Colo. Rev. Stat. § 6-1-105. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction over supplemental claims pursuant to 28 U.S. Code § 1367.

4.     This Court has personal jurisdiction over Defendant because Defendant has transacted business in this District (either directly or through the Internet or distributors), actions giving rise to this lawsuit have occurred in this District, and Defendant has caused damages to Plaintiff in this District.  Thus, Defendant has purposely availed itself of the benefits of conducting business in this District.

5.     Venue is proper in this district under 28 U.S.C. § 1391 because there is personal jurisdiction over Driver.

## GENERAL ALLEGATIONS

6.     Checkers has enjoyed considerable success in marketing its cable protectors that have been sold for use in a variety of circumstances including, without limitation, construction sites, sports arenas, concert halls, convention centers, power companies, resort hotels, etc.  All branches of the United States military, NASA, and the EPA, as well as all of the major national

4881-4511-7921\1

television networks, have also used Checkers' cable protectors.  Checkers' rights include the rights of all predecessors of companies Checkers has acquired.

7.      Through considerable investment, advertising, marketing, and impressive sales, the public has come to know and associate Checkers' branded cable protectors as the sole source of these high quality, distinctive cable protectors.

8.      Checkers constantly seeks to associate in the minds of its distributors and the consuming public its image as a provider of quality cable protectors.  Its trade dress, including without limitation, the color scheme, channel configuration, tread pattern, and interlocking connectors, among other things, is designed to achieve (and has achieved) widespread recognition for quality and identifies to consumers that the origin of these products is Checkers.  In particular, Checkers' trade dress for its Guard Dog cable protector products includes its uniquely styled diamond 5-bar surface, its distinct color schemes—including without limitation the Guard Dog color scheme explained below—and its distinctive Dog-Bone shaped connector, ("Checkers' Guard Dog trade dress").

9.      Through its various product lines and steadfast protection of its trade dress, Checkers has achieved a reputation in the trade and consuming public throughout the United States and the world for providing high quality cable protectors.

10.     As a result of Checkers' extensive use and promotion of its trade dress, Checkers has built up and now owns valuable goodwill that is symbolized by its unique trade dress.  Purchasing distributors and the consuming public have come to associate Checkers' trade

3

dress with Checkers.  In addition, the Checkers' Guard Dog trade dress is distinctive and non-functional and has achieved significant secondary meaning.

11.     Checkers owns all right, title, and interest in and to Guard Dog cable protectors, including the distinctive Guard Dog trade dress. Checkers owns the trade dress rights in the aforementioned non-functional, distinctive Checkers' Guard Dog trade dress used in cable protectors.

12.     For decades, Checkers and its predecessor have used the Checkers' Guard Dog trade dress substantially exclusively to identify cable protectors as high quality and deriving from a single source.

13.     On information and belief, Driver is aware of the goodwill Checkers has established through its non-functional, distinctive Guard Dog trade dress.  On information and belief, Driver intentionally imitated Checkers' Guard Dog trade dress in advertising and selling its RhinoGuard product in order to unlawfully trade on the goodwill of Checkers' products.

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Trade Dress Infringement of the Guard Dog Trade Dress -**
**§ 43 of the Lanham Act, 15 U.S.C. § 1125(a))**

14.     Checkers re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

15.     For years, the Guard Dog cable protectors have been sold with a non-functional, distinctive Guard Dog trade dress which includes, but is not limited to:

- A black and red color scheme that is comprised of a black base, black side ramps, and a visually red lid;

4

- five channels in the base, with a center channel that is wider than the other channels; and

- male and female "Dog Bone" shaped connectors.

16.     Checkers is entitled to legal protection for its Guard Dog trade dress under § 43(a) of the Lanham Act.

17.     Driver advertises and sells the RhinoGuard 5-Channel cable protectors ("Infringing Cable Protectors") with the following trade dress features:

- A black and red color scheme that is comprised of black base, black side ramps, and a visually red lid;

- five channels in the base, with a center channel that is wider than the other channels; and

- male and female "Dog Bone" shaped connectors.

18.     Representative pictures of Checkers' Guard Dog product and its proprietary Guard Dog trade dress, and Driver's copycat Infringing Cable protector are provided below:

4881-4511-7921\1



| Guard Dog Cable Protector | Infringing RhinoGuard 5-Channel Cable Protector |
|---|---|
| Source: https://checkers.justrite.com/5ch-guard-dog-cable-protectors-gd5x75-st | Source: https://www.driverindustrialsafety.com/product-category/rhinoguard-cable-protectors-and-ground-protection-mats/cable-protectors/ |

19.     Checkers' Guard Dog trade dress has become distinctive.  Specifically, it has acquired secondary meaning—over the years that the Guard Dog cable protectors have been advertised and sold, consumers have come to recognize the Guard Dog trade dress as a well-known indicator of high-quality cable protectors made and sold by a single source.

20.     Driver has so closely imitated the Guard Dog trade dress that consumers are likely to be confused and will likely continue to be confused as to the source or origin of Driver cable

protectors. Consumers will likely be confused, mistaken, and/or deceived into believing that the Driver cable protectors are the Checkers Guard Dog cable protectors, or will be confused, mistaken, and/or deceived into believing that there is some affiliation, connection, or association between Driver products and Checkers products and/or that Checkers has sponsored or approved of Driver's products and/or commercial activities.

21. On information and belief, Driver intended to create a confusingly similar product to the Checkers Guard Dog Cable Protector to trade off the goodwill Checkers has created through decades of use of the Guard Dog cable protector.

22. Driver's infringing activity has caused and continues to cause damage and injury to Checkers.

23. Checkers is entitled to recover all damages caused by Driver's violations of § 43(a) of the Lanham Act, together with prejudgment interest and costs for Driver's wrongful conduct.

24. Checkers has no adequate remedy at law to prevent future violation of the Lanham Act. Checkers has suffered and continues to suffer irreparable harm as a result of Driver's violations and infringements and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Driver's wrongful conduct.

**SECOND CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Trademark Infringement of the Guard Dog Mark Under § 32 of the Lanham Act, 15 U.S.C. § 1114)**

25. Checkers re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

4881-4511-7921\1

26.     Checkers is the owner of U.S. Registration Number 3,014,126 for the Guard Dog mark for use for modular plastic cable protectors.

27.     Checkers has been using the Guard Dog mark in interstate commerce for more than two decades in connection with its Guard Dog cable protectors.

28.     Checkers' registration for Guard Dog issued on November 8, 2005, and is incontestable.

29.     Checkers' Guard Dog mark is distinctive of, and has become widely known as, a symbol of Checkers' design and quality cable protectors throughout the United States.

30.     Driver recently began advertising and selling its Infringing Cable Protector under the "RhinoGuard" mark.

31.     The RhinoGuard mark for cable protectors is confusingly similar to Checker's Guard Dog mark for cable protectors.  The GUARD portion of the mark is the dominant part of the mark, and is identical to the dominant portion of Checkers' Guard Dog mark. The other portion of both marks references an animal. The marks are confusingly similar.

32.     Driver uses the RhinoGuard mark on a copycat product that adopts the look and feel of Checkers' Guard Dog trade dress, and, indeed Driver's RhinoGuard product pilfers the source identifying trade dress of Checkers' Guard Dog cable protector.

33.     Driver's actions as described herein constitute trademark infringement of Checkers' Guard Dog mark, including the rights under Reg. No. 3,014,126 under 15 U.S.C. § 1114, in that Driver's use of the mark creates a likelihood of confusion among the consuming

4881-4511-7921\1

public as to the source, origin, or association of the parties, or is likely to cause mistake or to deceive.

34.     Upon information and belief, Driver was aware of Checkers' Guard Dog mark when it committed the acts as alleged herein and intended to profit from and appropriate the goodwill and name recognition Checkers has established in the mark.

35.     Driver committed its acts of infringement in willful and flagrant disregard of Checkers' lawful rights.

36.     Driver will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above.

37.     Driver's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Checkers' registered mark, as well as damages and irreparable injury to Checkers' business, goodwill, and reputation. Checkers has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Driver's use of its infringing marks is deliberate and willful and constitutes knowing infringement of Checkers' marks and makes this case exceptional.

38.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C.§ 1116), Checkers is entitled to an order from this Court enjoining Driver and its officers, agents, assigns, and employees from using Checkers' marks or any other confusingly similar marks in the advertising, marketing, or sale of cable protectors.

4881-4511-7921\1

39.     By virtue of the foregoing, Driver's conduct is and has been exceptional and Checkers is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

40.     By virtue of the foregoing, Checkers is entitled to monetary damages, together with interest thereon, including an award of Checkers' sustained damages and Driver's profits.

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Unjust Enrichment)**

41.     Checkers re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

42.     Driver has knowingly infringed upon the Guard Dog mark as well as the Checkers trade dress to derive profit, and otherwise has been enriched as a result of the benefits and goodwill which flow from the mark and trade dress.

43.     It would by unjust for Driver to retain the profits, gains, and other benefits that it has derived from its illegal use of the infringing mark, the infringing Guard Dog trade dress.

44.     Driver should be required to pay Checkers the value of the benefits gained through the unauthorized and unlawful use of the marks and the infringing Guard Dog trade dress.

**FOURTH CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Unfair Competition Under Colorado Common Law)**

45.     Checkers re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

4881-4511-7921\1

46.     Driver has copied the design of Checkers' Guard Dog cable protectors and markets its products with a mark infringing Checkers' mark.

47.     Upon information and belief, Driver has misappropriated the Checkers' Guard Dog trade dress in order to exploit and trade off Checkers' goodwill and reputation in the market.

48.     Driver's Infringing Cable Protectors are indistinguishable from Checkers' Guard Dog cable protectors, and consumers are likely to be unable to distinguish the products.

49.     Driver's conduct has caused and is likely to continue to cause mistake or confusion or to deceive as to the affiliation, connection, and/or association of Driver with Checkers as to the origin, sponsorship, or approval of Driver's RhinoGaurd product or Driver's commercial activities by Checkers, and/or as to the nature and quality of Driver's infringing products, in violation of Colorado common law.

50.     Upon information and belief, Driver's unfair and unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Checkers' intellectual property rights.

51.     By reason of the foregoing, Checkers has been and will continue to be irreparably harmed and damaged. Checkers' remedies at law are inadequate to compensate for this harm.

**FIFTH CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**(Unfair or Deceptive Trade Practices (Colo. Rev. Stat. §6-1-105))**

52.     Checkers re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

4881-4511-7921\1

53.     Defendant has participated in deceptive and/or unfair trade practices in the course of its business, within the meaning of Colo. Rev. Stat. §6-1-105. Such prohibited acts include, but are not limited to: (a) Defendant has knowingly copied the design of Checkers' Guard Dog cable protectors and the advertising methods employed by Checkers; (b) Defendant has knowingly or recklessly passed off its Infringing Cable Protectors as those of Checkers and/or by associating them with Checkers' Guard Dog cable protectors; and (c) Defendant has knowingly or recklessly made false representations as to the source, sponsorship, approval, or certification of its Infringing Cable Protectors.

54.     Upon information and belief, the acts of Driver complained of herein have caused and will continue to cause confusion, mistake, or deception among consumers or potential customers as to the source or origin of Driver's products and the sponsorship or endorsement of those products by Checkers.

55.     Upon information and belief, Driver's unlawful acts were committed willfully, with full knowledge of Checkers' superior rights, and with the intention of deceiving and misleading the public into believing that Driver's Infringing Cable Protectors are somehow related to or affiliated with Checkers.

56.     By reason of the foregoing, Checkers has suffered and will continue to suffer harm to its goodwill and business reputation.

57.     By reason of the foregoing, Checkers has suffered and will continue to suffer damages in an amount to be determined at trial.

12

58.     Unless enjoined by this Court, the acts of Driver complained of herein will cause Checkers to suffer irreparable harm for which there is no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Checkers respectfully requests that:

A.      The Court preliminarily and permanently enjoin Driver and all of its officers, directors, principals, agents, servants, employees, successors, assigns, and anyone else acting in concert or active participation therewith, from all acts of trade dress infringement, including but not limited to infringement of Checkers' Guard Dog trade dress;

B.      The Court preliminarily and permanently enjoin Driver and all of its officers, directors, principals, agents, servants, employees, successors, assigns, and anyone else acting in concert or active participation therewith, from all acts of trademark infringement, including but not limited to Driver's infringement of Checkers' Guard Dog trademark;

C.      The Court order Driver to destroy all counterfeit and imitating products, advertisements, and packaging in its possession which bears Checkers' Guard Dog trade dress;

D.      The Court order Driver to destroy all advertisements, and packaging in its possession which bears infringing RhinoGuard trademark;

E.      The Court order Driver to disgorge to Checkers all profits Driver gained through its wrongful conduct, as alleged above, and award to Checkers damages it has sustained as a result of Driver's misconduct;

F.      The Court declare that this case is exceptional and award enhanced damages to Checkers;

4881-4511-7921\1

G.      The Court order Driver to pay to Checkers all of Checkers' costs and reasonable attorneys' fees in this action;

H.      The Court order Driver to pay all prejudgment and post-judgment interest according to law; and

I.      The Court award Checkers such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Checkers demands a trial by jury on all issues so triable.

DATED this 4th day of September, 2024

.

Respectfully submitted,

DORSEY & WHITNEY LLP

*s/ Brett L. Foster*
Brett L. Foster
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
(801) 933-7360
foster.brett@dorsey.com

*Attorneys For Plaintiff*
Checkers Industrial Safety Products, LLC

14

4881-4511-7921\1